UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____<br>)<br>**S.O., by and through her mother and** )<br>**and next friend, LEAH PIRES,** )<br>)<br>      **Plaintiff,** )<br>)<br>      **v.** )<br>)<br>**UNITED STATES of AMERICA,** )<br>)<br>      **Defendant.** )<br>_____) | **Civil Action No.**<br>**15-11789-FDS** |

## ORDER CONCERNING LIMITED
## UNSEALING AND FURTHER HEARING

**SAYLOR, J.**

      The parties in this matter entered into a settlement agreement in principle on May 8, 2017. Because plaintiff is a minor, a hearing was held on June 16, 2017, before this Court to approve the settlement pursuant to Mass. Gen. Laws ch. 231. Immediately following the hearing, the parties executed a document titled "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677." Included in the settlement agreement was a provision specifying that the government would purchase an annuity on plaintiff's behalf. The government disbursed the settlement payment in late July 2017.

      However, on November 6, 2017, the government, represented by Assistant U.S. Attorney Jessica Driscoll, received an annuity contract and executed settlement agreement from Summit Settlement Services. AUSA Driscoll stated that she had never before seen the annuity contract. In addition, the text of the attached settlement agreement did not match that of the agreement executed on June 16, 2017.

The Court called a status conference on February 1, 2018. At the conference, the Court directed the government to indicate in writing whether it would seek a reprimand relating to the conduct of plaintiff's attorney. The government has since moved that certain documents in this litigation be unsealed for the Department of Justice's Office of Professional Responsibility ("OPR") to determine whether to refer this matter to the Massachusetts Board of Bar Overseers ("BBO"). In addition, the government has requested that a hearing be held.

The government's motion for limited unsealing and further hearing is GRANTED in part as follows:

1. Exhibits A and B to the government's motion for order to show cause (Docket No. 80), plaintiff's response to the order to show cause (Docket No. 85), and any additional documents filed under seal shall be unsealed for the limited purpose of referring this case to the OPR or BBO for any investigation either organization might choose to undertake. OPR shall redact the minor child's name and any Privacy Act-protected information in any documents sent to the BBO as part of any such referral.

2. Plaintiff's counsel shall provide copies of all documents relating to the creation of the trust to the United States Attorney's Office within seven days of the date of this order.

3. Plaintiff's counsel shall (1) make arrangements with Summit Settlement Services for it to provide directly to the Court, by letter copied to the government and Leah Pires, a copy of a new annuity contract that clearly states that it supersedes and replaces any prior annuity contracts; or (2) provide a full explanation why he cannot do so.

4. The Court may schedule a hearing as appropriate, and may seek to require Leah Pires to testify at such a hearing to provide any information she may have regarding the creation of the trust and the receipt of funds to date.

**So Ordered.**

                                                 /s/  F. Dennis Saylor
                                                 F. Dennis Saylor IV
Dated:  February 13, 2018                  United States District Judge