```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



S.O, by and through her Mother   )
and Next Friend, LEAH PIRES,     )
                                 ) Civil Action
            Plaintiff            )
                                 ) No. 15-11789-FDS
                                 )
vs.                              )
                                 )
UNITED STATES OF AMERICA,        )
            Defendant


BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV



                      STATUS CONFERENCE




       John Joseph Moakley United States Courthouse
                      Courtroom No. 2
                      1 Courthouse Way
                      Boston, MA 02210


                     February 1, 2018
                        2:31 p.m.





              Valerie A. O'Hara, FCRR, RPR
                  Official Court Reporter
       John Joseph Moakley United States Courthouse
                1 Courthouse Way, Room 3204
                      Boston, MA 02210
                E-mail: vaohara@gmail.com
```

APPEARANCES:

For The Plaintiff:

    Kenneth M. Levine & Associates, LLC, by KENNETH M. LEVINE, ESQ., 32 Kent Street, Brookline, Massachusetts 02445;

For the Defendant:

    United States Attorney's Office, by RAYFORD A. FARQUHAR, ASSISTANT UNITED STATES ATTORNEY, and JESSICA P. DRISCOLL, ASSISTANT UNITED STATES ATTORNEY, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110.

```
 1                            PROCEEDINGS
 2              THE CLERK:  Court is now on record in the matter of
 3    S.O, et al vs. David Edinburgh, M.D., Civil Action Number
 4    15-11789.
 5              Will counsel please identify yourselves for the
 6    record.
 7              MR. LEVINE:  Kevin Levine for the plaintiff, your
 8    Honor.
 9              THE COURT:  Good afternoon.
10              MS. DRISCOLL:  Jessica Driscoll for the defendant,
11    your Honor.
12              THE COURT:  Good afternoon.
13              MR. FARQUHAR:  Good afternoon, your Honor,
14    Ray Farquhar for the defendant.
15              THE COURT:  Good afternoon.  This matter, as you know,
16    settled or appeared to have settled some time ago.  An issue
17    was raised by the government concerning the precise
18    documentation of the settlement, including the annuity
19    contract.  I issued an order requiring Mr. Levine to respond,
20    which he did, and the question is is there something else that
21    I ought to be doing?  I'm obviously quite concerned about the
22    way this played out, but I want to hear from the government as
23    to its position.  Ms. Driscoll -- Mr. Farquhar.
24              MR. FARQUHAR:  Your Honor, before we start, this
25    matter does involve a minor, and I'm unfamiliar with one person
```

```
             1    sitting in the back of the courtroom.  The other two are

             2    government employees.

             3            THE COURT:  Well, I think I suspect we don't need to

             4    get into the details of actually the medical issues, for

             5    example, it happened with a minor, so if it looks like we're

             6    getting into something genuinely confidential, either the

             7    dollar amounts or the actual medical condition of the minor,

             8    then I'll ask the courtroom to be cleared.

             9            MR. FARQUHAR:  Thank you, your Honor.  Other than

02:33PM     10    that, Ms. Driscoll will address the matter.

            11            THE COURT:  Ms. Driscoll.

            12            MS. DRISCOLL:  Good afternoon, your Honor.  The reason

            13    the government brought this to the Court's attention, we had

            14    two primary concerns.  The first was to ensure that the minor

            15    child, in fact, got the money she was entitled to under the

            16    settlement agreement.

            17            THE COURT:  Yes.

            18            MS. DRISCOLL:  And, secondly, that we wanted to make

            19    sure that the government is in no way obligated under the

02:33PM     20    contract, which it did not sign, would not have signed.

            21            THE COURT:  It appears to bear your forged signature,

            22    which is what I'm concerned about.

            23            MS. DRISCOLL:  It does, your Honor, but that aside,

            24    the United States, when we settle these cases, typically we

            25    fund the annuity contract but do not sign it and become a party
```

1 to it.

2 The United States is not in a position to be a
3 fiduciary to this young child, to act as the owner of the
4 annuity going forward. We would be required to sign off on any
5 changes to the contract, things like that, so usually we fund
6 it, and the annuity is either purchased in the name of the
7 trust or the guardian for the child, so that's of concern, and
8 that's why we brought it to the Court, and, indeed, I did not
9 sign the documents, nor would I have.

02:34PM 10 THE COURT: All right. Mr. Levine.

11 MR. LEVINE: Your Honor, as I expressed in the
12 response, I'm embarrassed to stand here, your Honor. We made a
13 mistake. I was showing people in my office how to fill things
14 out, and my wife had been ill, and I was in and out. It
15 shouldn't have happened. We made a mistake. We weren't
16 getting any -- the release that we signed in court was the
17 correct release.

18 The one that was sent over to the annuity company
19 was -- your Honor, I was showing -- from what I can piece
02:34PM 20 together in my office, I was showing people how to do some
21 things, and I said this is how you fill out the names in these
22 things. It was a sample. It didn't have the right terms. It
23 wasn't intended to be sent. It should have been thrown away,
24 and the same thing for the other contract.

25 My understanding would have been that the annuity

1  company would have dealt directly with the government about the
2  annuity contract.  I don't really deal with annuity contracts.
3  The company would deal with the defendant about that, but I
4  think it's the same situation, I think I was showing people --
5  they had sent me the blank.  I was showing people -- we weren't
6  trying to gain any advantage.  We wouldn't have gained any
7  advantage.
8       I think the issue of the -- I mean, I sent counsel a
9  copy of a letter I sent to the annuity company with the correct
02:35PM 10  release, and I supplied counsel with copies of all the checks
11  so that they would know that all the money was paid out as your
12  Honor ordered in the Order, and it was exactly as your Honor
13  ordered, and, you know, obviously I can work with counsel, with
14  the government to withdraw the agreement and that we can solve
15  because the annuity -- there is a trust.
16       The trust is properly created, so those are all
17  solvable problems, but the issue of how those documents got
18  over to the annuity company is just simply our own fault.  It
19  just, you know, I was in and out, and I said the annuity
02:36PM 20  company asked for a copy of the release, and somebody just
21  picked up something off my desk that shouldn't have been sent.
22       There's no excuse, and I'm not trying to make any
23  excuse.  I take responsibility for the actions of everyone in
24  my office because it's my office, but the release that, I mean,
25  there is a valid release, so we weren't -- there would have

been no advantage to send over the incorrect one because we had the valid one that was signed in court before we appeared before your Honor.

So, I mean, if -- you know what, your Honor, I've been practicing a long time. This is easily the most ridiculously stupid thing that's ever come out of my office, and I'm absolutely -- I'm almost speechless to even try to explain how ridiculously stupid this is and how I am and how this could have even occurred in my office. I mean, I'm stumbling because I'm not even sure how to properly express my apology for this mistake happening.

You know, my wife was ill and had some surgery less than a week earlier, and I was mostly with her, which is not an excuse in any way, and I'm not trying to make one. That is what is going on. I was trying to deal with her, and we were trying to regain her ability to walk at that time. We weren't exactly sure just yet, she has, in fact, since that time, but within the week of the operation, we weren't at that point quite sure she would regain her ability to walk, so whether it's a mixture of being distracted, using it or trying to show some people what all these documents are about. It's unfortunately a perfect storm of stupidity that got us to this point, and I'm not sure what else I can say that would explain more completely.

THE COURT: All right. It seems to me the first step

1   is, unless I have this wrong, I think the annuity contract and
2   settlement agreement, correct copies not signed by the
3   government or not by Ms. Driscoll need to be substituted so
4   that the documentation is correct.
5           MR. LEVINE:  I've already done that.  I sent counsel a
6   letter, a copy of a letter I sent.  I have a copy for your
7   Honor.  I sent a copy of the correct release to the annuity
8   company, and my letter says to the settlement people that it's
9   come to my attention due to a mistake in my office the
02:39PM 10  incorrect stipulation was provided, and I attached the correct
11  one that was signed by all the parties in court that day, so
12  I've already sent that along to be corrected.
13          THE COURT:  Ms. Driscoll.
14          MS. DRISCOLL:  I received the letter with a copy of
15  the correct stipulation.  What I don't think has been corrected
16  is the annuity contract, and the application should be made not
17  on behalf of the government but on behalf of someone who will
18  be in a position to be a fiduciary to the child, whether it's
19  the trustee of the trust or her adopted mother, who is the
02:39PM 20  plaintiff in this case.
21          THE COURT:  All right.  I would like that to happen
22  forthwith.  If necessary, I can issue a court order.  I'm not
23  quite sure of my power here, but I'll exercise it to the
24  fullest extent of my authority to ensure that the government is
25  not -- not only not bound by that contract but that no

|   |   |
|---|---|
| 1 | signature of a government agent appears on that contract. |
| 2 | MR. LEVINE: I'll take care of that. That I can take |
| 3 | care of later on today or tomorrow. The trustee, the mother is |
| 4 | the trustee of the trust. The trust has a tax I.D. number. |
| 5 | It's a valid trust, and the monies that were paid were put into |
| 6 | the trust, so I will contact the annuity company, and I will |
| 7 | make the change immediately. That I'm sure I can do without |
| 8 | any issue. |
| 9 | THE COURT: All right. And then assuming that all |
| 02:40PM 10 | that is put in place, the question remains whether that is |
| 11 | enough, whether we stop there with the substitute settlement |
| 12 | agreement and annuity contract or whether something else |
| 13 | occurs. |
| 14 | What I would like is for the government to file |
| 15 | something within two weeks in writing, that is, by |
| 16 | February 15th as to whether it intends to seek any kind of |
| 17 | sanction or reprimand or whether a referral to the Board of Bar |
| 18 | Overseers is appropriate. |
| 19 | I'd like the government's view on that, and I know |
| 02:41PM 20 | that it's not a simple determination within the government |
| 21 | bureaucracy to make, but I think one way or the other, I want |
| 22 | the government's view on that, and I'll obviously let |
| 23 | Mr. Levine respond to that. |
| 24 | I may have my own independent obligations. I'm not |
| 25 | sure what's appropriate here, but I want to start with getting |

1 the government's position on that. When I say sanctions, that
2 is litigation-type sanctions or any other litigation-type
3 sanctions or Bar referral sanctions, either within the
4 Commonwealth, that is, to the Board of Bar Overseers or
5 internally pursuant to our own District Court set of sanctions.
6 I'm not saying that sanctions are appropriate or not
7 appropriate, I just want to start listening to the government's
8 view on that. Okay. I'll let Mr. Levine respond, and we'll
9 take it from there.
02:42PM 10 At the risk of stating the obvious, Mr. Levine, you're
11 a professional, a member of the Bar, you have a license to
12 practice law, and it is incumbent upon you, no matter what is
13 happening in your personal life or however disorganized your
14 office may be to take care that matters like this don't occur,
15 and it is a particularly grave matter in my mind to have a
16 document or two documents in this case that purport to be
17 signed by someone who neither signed it nor authorized that
18 signature to be given. You have laid out the facts and
19 circumstances of the case. I understand them, but it is not
02:43PM 20 acceptable.
21 MR. LEVINE: Your Honor, I completely agree, and I
22 completely understand, and I have -- I mean, I expressed my
23 apology for the error, but I understand the issue, your Honor.
24 I assure you I hear you clearly and directly. I assure you
25 that I do.

1    THE COURT:  All right.  I'm going to ask the
2 government to tag whatever it files as a motion, even if you're
3 not seeking anything because CM-ECF will alert me to it.
4 Sometimes if you file something and it doesn't have the motion
5 designation, I may not see it right away.  Whatever is filed,
6 I'd like it to be in the form of a motion, even if it's a
7 motion for no further sanctions.  Okay.  Unless there's
8 anything else, thank you.
9    MR. LEVINE:  Thank you.
10      (Whereupon, the hearing was adjourned at 2:44 p.m.)
11             C E R T I F I C A T E
12 UNITED STATES DISTRICT COURT )
13 DISTRICT OF MASSACHUSETTS ) ss.
14 CITY OF BOSTON )
15      I do hereby certify that the foregoing transcript,
16 Pages 1 through 11 inclusive, was recorded by me
17 stenographically at the time and place aforesaid in Civil
18 Action No. 15-11789-FDS, S.O, by and through her Mother and
19 Next Friend, LEAH PIRES vs. UNITED STATES OF AMERICA and
20 thereafter by me reduced to typewriting and is a true and
21 accurate record of the proceedings.
22      Dated February 21, 2018.
23             s/s Valerie A. O'Hara
             _____
24             VALERIE A. O'HARA
             OFFICIAL COURT REPORTER
25